UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
BRUCE BLISS, ET AL.,

           Plaintiffs

           v.                       CIVIL ACTION NO.:
                                        10-10252-EFH

MARK FISHER, ET AL.,

           Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

June 14, 2010

HARRINGTON, S.D.J.

      This matter comes before the Court on the Plaintiffs' Motion for Order of Approval to Subpoena the Clerk Magistrate of the Attleboro District Court for a Deposition.[1] The lawsuit stems from the criminal prosecution of the plaintiffs, three former North Attleborough Electric Department Commissioners, for the misuse of certain municipal bond funds. Plaintiffs claim that they were subjected to civil rights violations under 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, § 11I, as well as to intentional torts arising from the prosecution. The defendants are the town of North Attleborough and various North Attleborough officials, whom the plaintiffs assert facilitated the criminal prosecution.

---

[1] Plaintiffs move for prior court approval to serve the subpoena pursuant Massachusetts Trial Court Rule IX. This Court's procedure is not governed by state court rules. Nevertheless, the Court will consider the Motion since the issue of judicial testimony has been briefed by the parties and would have, in all likelihood, come before the Court by way of a motion to quash had the plaintiff not first sought prior court approval. See Fed. R. Civ. P. 45(c)(3)(A)(iii). Accordingly, the Court concludes that the matter is ripe for resolution.

As a factual basis for their claims, the plaintiffs allege, among other things, that the defendants failed to disclose an exculpatory videotape during a show-cause hearing that, if disclosed, would have precluded a finding of probable cause to issue criminal complaints against them. The plaintiffs now seek to depose Mark Sturdy, the clerk magistrate who presided at the show-cause hearing, asserting that "[i]n order to raise the issue of false testimony and distortion of evidence . . . the testimony of Clerk Magistrate Sturdy is essential."

The circumstances under which a party may compel a judge to testify concerning official matters are limited. "[T]he overwhelming authority . . . makes it clear that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." United States v. Roth, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004); see e.g., United States v. Morgan, 313 U.S. 409, 422 (1941); Fayerweather v. Ritch, 195 U.S. 276, 306-07 (1904); Robinson v. Commission of Internal Revenue, 70 F.3d 34, 38 (5th Cir 1995); Grant v. Shalala, 989 F.2d 1332, 1344-45 (3d Cir. 1993); United States v. Matthews, 68 M.J. 29, 39-40 (C.A.A.F. 2009). Testimony concerning the judge's factual observations may be elicited, but only in the limited instance where the content of the testimony cannot be established by other sources. See, e.g., United States v. Frankenthal, 582 F.2d 1102, 1108 (7th Cir. Wis. 1978); Roth, 332 F. Supp. 2d at 567; United States v. Roebuck, 271 F. Supp. 2d 712, 721 (D.V.I. 2003); United States v. Edwards, 39 F. Supp. 2d 692, 706 (M.D. La. 1999). Accordingly, a judge may testify regarding official matters only if there exists a sufficient basis to conclude that the judge "possess[es] factual knowledge . . . and [is] the only possible source of testimony on that knowledge." [2] Frankenthal, 582 F.2d at 1108.

---

[2] The Massachusetts courts have crafted a similar rule. See Glenn v. Aiken, 569 N.E.2d 783, 786 (Mass. 1991) ("We disfavor calling a judge as a witness to opine on what ruling he

In the present case, the plaintiffs do not specify the purpose for which they request Clerk Magistrate Sturdy's testimony regarding the show-cause hearing. If the plaintiffs wish to question Sturdy as to what ruling he might have made had the videotape been disclosed, such questioning would constitute improper probing of Sturdy's mental process. If, on the other hand, the plaintiffs merely seek a factual account of the evidence presented at the hearing, there is no indication that Sturdy is the only source of that information. It would seem that a record of what transpired at the hearing could be garnered from a transcript, if one exists, or from the testimony of other witnesses who were present. Accordingly, the Court rules that there is an insufficient basis to require Clerk Magistrate Sturdy's deposition testimony.

The Plaintiff's Motion for Order of Approval to Subpoena the Clerk Magistrate of the Attleboro District Court for a Deposition (Docket No. 28) is hereby DENIED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

might have made on a particular hypothesis. The fact that this particular judge signed an affidavit should not distract us from noting the inappropriateness of turning to such extra-record, subjective views and of summoning judges to testify on such matters. Probing the mental process of a trial judge, that are not apparent on the record of the trial proceeding, is not permissible."); Commonwealth v. Ellis, 10 Mass. L. Rep. 333 (Mass. Super. Ct. 1999) ("[T]he nature of [the testimony sought] can be provided by witnesses other than [the judge].").