UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
BRUCE BLISS, ET AL.,

          Plaintiffs

      v.                          CIVIL ACTION NO.:
                                 10-10252-EFH

MARK FISHER, ET AL.,

          Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

April 5, 2012

HARRINGTON, S.D.J.

      This matter comes before the Court on the Plaintiffs' Motion to Alter Judgment Pursuant to F.R.C.P. Rule 59(e) or for Relief from Order Allowing Summary Judgment Pursuant to Fed. R. Civ. P. Rule 60(a), 60(b), § 1, 3, 6. On January 12, 2012, the Court held a hearing on Defendants' motions for summary judgment. The matter was taken under advisement. On January, 17, 2012, the Plaintiffs and a number of the Defendants met for a mediation and reached a tentative resolution. A settlement agreement was prepared and executed by those parties present at the mediation. The agreement contains a provision stating that: "[t]his settlement is subject [sic] the approval of the North Attleborough Board of Selectmen."

      On January 26, 2012, the North Attleborough Board of Selectmen (the "Board") met to discuss approval of the settlement, but no decision was rendered at that time. On January 31, 2012, the Court issued a Memorandum and Order allowing the Defendants' motions for summary

judgment and dismissing all claims (the "Order"), Bliss v. Fisher, No. 10-10252-EFH, 2012 WL 273664 (D.Mass. January 31, 2012). On February 1, 2012, the Board reconvened and voted to reject the proposed settlement. Plaintiffs filed the present motion on February 27, 2012.

Plaintiffs request the Court to vacate the Order and to enforce the settlement agreement. Plaintiffs set forth a number of arguments in support of their motion. First, Plaintiffs argue that, by executing the settlement agreement, the parties had, in essence, reached a settlement before the Order was issued and that, therefore, the Order should be vacated under Fed. R. Civ. P. 59(e).[1] The record, however, establishes that the Board never approved the settlement pursuant to the express terms of the settlement agreement. Accordingly, no final settlement was accepted by the Defendants either before or after the Order was issued. Furthermore, the record does not establish any bad faith, as alleged by the Plaintiffs, on the part of the Board in its failure to render a decision regarding the settlement on January 26, 2012 or in its postponement of further deliberations on the matter until the following week.

Second, Plaintiffs assert that the Order should be vacated because it would not have been issued had the Court been aware of the settlement agreement. Plaintiffs assert that the issuance of the Order on January 31, 2012 was, therefore, the result of a clerical mistake that can be remedied pursuant to Fed. R. Civ. P. 60(a).[2] Plaintiffs are correct that, had the Court been made aware of

---

[1] "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a).

2

the pending settlement negotiations, the issuance of the Order would have likely been postponed. The decision to issue the Order on January 31, 2012, however, is not a clerical mistake under rule 60(a) which requires that the mistake be contained "in a judgment, order, or other part of the record." The decision to issue the Order on that date is not a matter contained in the record. Rule 60(a) cannot, therefore, serve as the basis for the relief requested.

Third, Plaintiffs argue that the Order should be vacated under Fed. R. Civ. P. 60(b)(1)[3] because the Plaintiffs' attorney committed excusable neglect in failing to inform the Court of the pending settlement negotiations. Plaintiffs maintain that one of the Defendants' attorneys assured Plaintiffs' attorney that voicemail messages had been left on the court's deputy clerk's answering machine regarding the pending settlement. Plaintiffs contend that their attorney reasonably relied on those assurances. While Plaintiffs' attorney was told that voicemail messages had been left, he was also informed that the Defendants' attorney had not heard back from the deputy clerk and had not received verification that the issuance of the Order would be postponed by the Court. There is no indication in the record that the deputy clerk received the message. Plaintiffs' attorney did not himself attempt to contact the deputy clerk, file a written notice, lodge an electronic docket entry or otherwise take further steps to ensure or to verify that the Court had received the message and intended to postpone its decision. See de la Torre v. Continental Ins. Co., 15 F.3d 12, 15 (1st. Cir. 1994) ("It is common sense, as well as common courtesy, to alert the judge to the ongoing negotiations and request that he or she postpone imminent deadlines before they have expired. A litigant who, like appellant, fails to take that simple step courts

---

[3] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

3

disaster."). Such a failure cannot serve as the basis for the relief requested under Fed. R. Civ. P. 60(b)(1).

Fourth, Plaintiffs assert that the Order should be vacated under Fed. R. Civ. P. 60(b)(3)[4] and (6)[5] and that the tentative settlement should be enforced because of an alleged misrepresentation made by the Defendants' attorney during the mediation. Plaintiffs assert that Defendants' attorney represented that the Board's approval was required by statute, but that no such statutory requirement existed. Plaintiffs request that the Court, therefore, consider the provision in the settlement agreement requiring approval by the Board to be waived. Defendant's attorney contends that he never stated that approval by the Board was required by statute. Assuming, however, that the Defendants' attorney did state that approval by the Board was required by statute, such an alleged misrepresentation is immaterial. While not required by statute, the approval of the Board was, nevertheless, required by an insurance contract between the Town and its insurer, which had a representative present at the mediation. Therefore, regardless of the source of the obligation, the Defendants would not have executed an agreement that did not contain a term requiring Board approval. Accordingly, the alleged misrepresentation cannot serve as a basis for the relief requested. Since the provision in the settlement agreement requiring Board approval was not waived or otherwise fulfilled, there is no settlement to be

---

[4] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

[5] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief. " Fed. R. Civ. P. 60(b)(6).

enforced.

For the reasons set forth above, Plaintiffs' Motion to Alter Judgment Pursuant to F.R.C.P. Rule 59(e) or for Relief from Order Allowing Summary Judgment Pursuant to Fed. R. Civ. P. Rule 60(a), 60(b), § 1, 3, 6 (Docket No. 89) is, hereby, DENIED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge